Goode v. Alt.

---

# City Court.

## *Trial Term—June,* 1885.

### GOODE *against* ALT ET AL.

Where a judgment is recovered against a marshal who acted under a bond of indemnity, there is a breach of the obligation, and the marshal may maintain an action without first paying the judgment. Notice to the sureties of the original suit was necessary, so as to enable them to elect whether they would as indemnitors defend the action. The notice may be served on the attorney or one of the sureties.

McADAM, Ch. J.—The condition of the bond is that sureties "will keep said Goode (the marshal) harmless, and pay any judgment that may be recovered for the taking of said property." The record shows that judgment was recovered against the marshal for said taking, December 18, 1884, for $272.45. The failure of the sureties to pay this judgment constituted a breach of the condition of the bond, and gave rise at once to a cause of action without payment of the judgment by the marshal (John-

son *v.* Gilbert, 9 *Hun*, 469). The Code, section 1427, provides that the officer to whom such a bond is given, cannot maintain an action thereupon, unless he gives notice to the sureties of the pendency of the action against the officer, so that the indemnitors may elect whether they will apply to be substituted as defendants, as prescribed in section 1421 of the act. The notice required to be given may be served upon the attorney who obtained the process on which the officer acted, or upon " one " of the sureties on the bond of indemnity. The complaint alleges that "the defendants had due notice" of such an action. The defendant Saenger, who alone defends, denies that " he " had any notice thereof, and " denies, upon information and belief," that his co-surety had any such notice. Such a denial is not authorized by the Code, and creates no triable issue (58 *How. Pr.* 312 ; 33 *Hun*, 143, 544). This rule may seem technical, but the supreme court, in the case last cited, on an application for reargument, declined to recede from it (33 *Hun*, 544). As the bond sued upon was not only conditioned to save the officer harmless, but to pay any judgment recovered against him, the application of this rule of pleading to the present case is not oppressive.

Motion for new trial denied.   No costs.